## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **GREGORY G. JONES,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **THE BANK OF NEW YORK, MELLON** | § | **CIVIL ACTION NO. 4:15-CV-00756-O** |
| **fka THE BANK OF NEW YORK, AS** | § | |
| **TRUSTEE FOR THE CERTIFICATE** | § | |
| **HOLDERS CWALT, INC.,** | § | |
| **ALTERNATIVE LOAN TRUST 2007-** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2007-24,** | § | |
| **Defendant** | § | |

### FIRST AMENDED COMPLAINT

COMES NOW, Gregory G. Jones, Plaintiff ("Plaintiff" or "Jones"), and complaining of The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2007 Mortgage Pass-Through Certificates, Series 2007-24, would respectfully show the Court the following:

### PARTIES

1.      Plaintiff, Gregory G. Jones, is a resident of Texas.

2.      Defendant[1], The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2007-24 Mortgage Pass-Through Certificates, Series 2007-24 ("BONY"), has made an appearance in this matter and may be served through its attorney of record at c/o Matthew W. Lindsey, Michael J. McKleroy, Jr., and Charles Townsend at AKERMAN LLP, 2001 Ross Avenue, Suite 2550, Dallas, Texas 75201, or via ECF.

---

[1] By filing this amendment, Plaintiff hereby dismisses Dearing Mortgage Services, Inc. and ReconTrust Company, N.A. from this suit.

**FIRST AMENDED COMPLAINT – PAGE 1**

<u>JURISDICTION AND VENUE</u>

3.     This Court has jurisdiction because of the complete diversity between Jones and BONY.  The amount in controversy allegedly exceeds $75,000.00, although Jones is only seeking declaratory relief and equitable relief.

<u>FACTS</u>

4.     Jones and his former wife, Tania Jones, purchased real property located at 2105 Cheyenne Park Lane, Southlake, Texas 76092 ("Property") in June 2007.

5.     Jones' former wife, following a 2014 divorce, transferred her ownership of the Property to Jones by deed dated July 8, 2015.

6.     The loan for the Property was secured by a deed of trust and note (collectively referred to as "Real Estate Lien") in favor of Dearing, the lender.

7.     Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary of the Real Estate Lien as shown in the Deed of Trust.

8.     MERS then assigned and transferred its interest in the Real Estate Lien on the Property to BONY on June 15, 2010.

9.     BONY then appointed Clyde Edwards, Kevin Key, or Janae Urbanczyk and ReconTrust Company, N.A. ("ReconTrust") as substitute trustee(s) of the Property for the purpose of servicing the Real Estate Lien.[2]

10.     On May 7, 2010, Jones received an Acceleration Letter ("Acceleration Letter"), attached hereto as <u>Exhibit "A"</u> and incorporated by reference herein, from ReconTrust, on behalf of BAC Home Loans Servicing, LP, in its capacity as Mortgage Servicer for BONY, stating the following:

a.     Jones *"defaulted under the Deed of Trust"* on the Property and was

---

[2] On belief and information, ReconTrust is a wholly-owned subsidiary of BAC Home Loans Servicing, LP.

**FIRST AMENDED COMPLAINT – PAGE 2**

      *"provided with notice of such default and the Mortgagee's intention to accelerate the debt ("Debt")";*

b.     *Jones' "Debt is being accelerated and foreclosure proceedings are being initiated";*

c.     *"Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt";*

d.     *"As designated on the enclosed Notice of Substitute Trustee Sale, the Trustee, or the Substitute Trustee, will sell the real estate therein described to the highest bidder for cash"; and*

e.     *"Al[l] of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure that they might have."*

11.    Following the receipt of the Acceleration Letter, Jones and his former wife initiated suit against BONY. (Cause No. 342-252038-11 in Tarrant County, Texas) ("Suit 1").[3]

12.    Neither Jones, his former wife, nor any person on their behalf made payments toward the alleged outstanding balance on the Note after the notice of acceleration was received.

13.    On April 30, 2013, Jones and BONY entered into a Settlement Agreement and Release regarding the Property relating to Suit 1.

14.    At all relevant times herein, Jones has been the owner of the Property.

15.    The Property is Jones' homestead.

16.    The Settlement Agreement and Release allowed BONY to proceed with a foreclosure of the Property, pursuant to Texas Law, but did not enlarge, modify, or constitute a novation of the Real Estate Lien.

17.    BONY and/or its agents have never foreclosed on the Property.

---

[3] The suit was removed to Federal Court and subsequently remanded. (Cause No. 4:11-CV-290-A).

18.     Jones and BONY never agreed to abandon the acceleration from May 7, 2010.

19.     Because the Real Estate Lien was accelerated in May 2010, BONY had the right under Texas law to foreclose during the period from May 2010 until the fourth anniversary of the acceleration.

20.     BONY's right to foreclose on the Property is a nullity pursuant to § 16.035 of the Texas Civil Practice and Remedies Code.

21.     Jones asserts BONY is time barred from proceeding with a foreclosure sale as a matter of law.

QUIET TITLE

22.     Jones incorporates Paragraphs 1 – 44 by reference as if fully set out herein.

23.     In order to prevail in this case, Jones must show:

a.  ownership of the Property,

b.  that is affected by a claim of the Defendant to the Property, and

c.  that the claim, though facially valid, is either invalid or unenforceable (or void).

24.     Jones is the owner of the Property and has been the owner of the Property at all relevant times herein.

25.     The note owned by BONY was accelerated in May 2010, so the right to foreclose on the Real Estate Lien has been available to BONY since May 2010 and until it became void on the fourth-year anniversary of the acceleration.

26.     BONY has failed to foreclose on the Property, though it was given the

specific authority to do so via the Real Estate Lien. The Settlement Agreement and Release did not hinder, delay, or grant additional rights of BONY.

27.     The Real Estate Lien is no longer enforceable as a matter of law because no action to foreclose has occurred. BONY accelerated on May 7, 2010, starting a statutory limitations period of four (4) years to complete the foreclosure.

28.     Since BONY has not foreclosed within the statutory period, BONY's legal authority to foreclose has expired.

29.     The Real Estate Lien constitutes an adverse claim and/or cloud on the title that is no longer enforceable and valid.

30.     Jones seeks removal of the cloud of title created by the Real Estate Lien in order to quiet title.

DECLARATORY JUDGMENT

31.     Jones incorporates Paragraphs 1 – 44 by reference as if fully set out herein.

32.     Under the Texas Civil Practice and Remedies Code, Jones seeks a declaratory judgment.

33.     Jones seeks a declaration that BONY's Real Estate Lien and power to enforce the Real Estate Lien are void as a matter of law because BONY failed to foreclose within four (4) years of the accrual of its right to foreclose.

34.     Pursuant to Texas Civil Practice and Remedies Code § 16.035, "a sale of real property under a power of sale in a mortgage or deed of trust that creates a real-property lien must be made not later than four years after the day the cause of action accrues." *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.035(b).

**FIRST AMENDED COMPLAINT – PAGE 5**

35.     The four-year statute of limitations beings to accrue when the holder of the note actually exercises its option to accelerate.[4]   Acceleration is effective once the holder (1) provides notice of intent to accelerate, and (2) provides notice of acceleration.

36.      "When the four-year period expires, the real-property lien and the power of sale to enforce the lien become void." Tex. Civ. Prac. & Rem. Code Ann. § 16.035(d) (2014) (emphasis added).

37.     Here, BONY issued its notice of intent to accelerate and on May 7, 2010, sent notice of acceleration to Jones.   Both the notice of intent to accelerate and the notice of acceleration were clear and unequivocal: **"Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt."** (Exhibit "A").

38.     The Acceleration Letter further states, **"Therefore, the Debt is being accelerated and foreclosure proceedings are being initiated."** (Exhibit "A").

39.     Neither Jones nor his former wife made any payments on the Real Estate Lien after May 7, 2010.

40.     Therefore, the statutory authority for a nonjudicial foreclosure sale of the Property began to run on May 7, 2010, and subsequently expired on May 7, 2014.

41.     Because BONY failed to foreclose the Property within the time period proscribed by Texas law, the Real Estate Lien and the power of sale to enforce the Real Estate Lien are void.

42.     Jones requests this Court declare that:

(1) BONY's Real Estate Lien in the Property is VOID, and

(2) that any and all power to enforce Defendant BONY's interest is VOID.

---

[4] See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566-67 (Tex. 2001) (citing Hammann v. H.J. McMullen & Co., 62 S.W.2d 59, 61 (Tex. 1933).

## ATTORNEY'S FEES

43.     Jones incorporates Paragraphs 1 – 44 by reference as if fully set out herein.

44.     Pursuant to Texas Civil Practice and Remedies Code § 37.009, Jones is entitled to recover all reasonable and necessary attorney's fees and costs of court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gregory G. Jones respectfully prays that the Defendant be cited to appear and answer herein, and that upon final hearing, the Court render judgment for Plaintiff Gregory G. Jones against Defendant The Bank of New York Mellon f/k/a the Bank of New York, as Trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2007-24 Mortgage Pass-Through Certificate, Series 2007-24, by declaring that the Defendant's real-estate lien and power to enforce such real-estate lien are VOID; declare the possession of such property to Plaintiff; Quiet Title in the name of Plaintiff; and for reasonable and necessary attorney's fees and costs; and for all other relief to which Plaintiff is justly entitled.

Respectfully submitted,

YALE LAW
1417 E. McKinney Street, Suite 220
Denton Texas 76209
Tel. 940-891-4800
Fax. 940-891-1130

**FIRST AMENDED COMPLAINT – PAGE 7**

/s/ Roger M. Yale
Roger M. Yale:  roger@yalelawgroup.com
Texas State Bar No. 00789959
Jane M. Gekhman:  jane@yalelawgroup.com
Texas State Bar No. 24074265
J. Kevin Young:  kevin@yalelawgroup.com
Texas State Bar No. 24084135
Brittany A. Weaver:brittany@yalelawgroup.com
Texas State Bar No. 24092577
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2015, a true and correct copy of the foregoing was served via **ECF** as follows:

Matthew W. Lindsey: 24071893
Matthew.lindsey@akerman.com
Michael J. McKleroy, Jr.: 24000095
Michael.mckleroy@akerman.com
C. Charles Townsend: 24028053
Charles.townsend@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Tel. (214) 720-4300
Fax (214) 981-9339
Attorney for The Bank of New York
Mellon f/k/a The Bank of New York, As
Trustee For The Certificate Holders
CWALT, Inc. Alternative Loan Trust
2007-24 Mortgage Pass-Through
Certificates, Series 2007-24

Kathryn B. Davis
kbdavis@winston.com
Winston & Strawn LLP
1111 Louisiana, 25th Floor
Houston, TX 77002
Tel. (713) 651-2784
Fax (713) 651-2700
Attorney for ReconTrust Company, N.A.

Peter B. Idziak: 24080955
pidziak@bmandg.com
BLACK, MANM & GRAHAM, LLP
2905 Corporate Circle
Flower Mound, Texas 75219
Tel. (469) 635-8217
Fax (972) 221-9316
Attorney for Dearing Mortgage Services,
Inc.

/s/ Roger M. Yale
Roger M. Yale

RECONTRUST COMPANY, N.A.
2380 Performance Dr, TX2-985-07-03
Richardson, TX 75082
(800) 281-8219

May 7, 2010

10-0053399
10-6-209617A

3105 CREVEKNES PARK LANE, SOUTHLAKE, TX 76092

Dear TANIA R JONES And GREGORY JONES:

We have been appointed by BAC Home Loans Servicing, LP, the Mortgage Servicer, to act as Substitute Trustee with all rights, powers, and duties of the original Trustee under the Deed of Trust secured by the property referenced above. You have defaulted under the Deed of Trust. You were provided with notice of such default and the Mortgagor's intention to accelerate the debt ("Debt"). You have not cured the default. Therefore, the Debt is being accelerated and foreclosure proceedings are being initiated.

BAC Home Loans Servicing, LP is acting as the Mortgage Servicer for THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE, FOR THE CERTIFICATEHOLDERS CWALT, INC., ALTERNATIVE LOAN TRUST 2007-24 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-24, who is the Mortgagee of the Deed of Trust associated with the above referenced loan. BAC Home Loans Servicing, LP, as Mortgage Servicer, is representing the Mortgagee, whose address is 400 COUNTRYWIDE WAY, SIMI VALLEY, CA 93065.

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code § 51.0025, the Mortgage Servicer is authorized to collect the Debt and to administer any resulting foreclosure of the property securing the Debt

This letter is a formal notice of the following:

1. Payment of the past due balance on the Debt has not been received by the Mortgage Servicer. Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2. The amount of the Debt as of the date of this notice, according to the records of the Mortgage Servicer, is $1,176,570.38. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call us at (800) 281-8219 or write us at the address listed at the top of the page. Payment must be in certified funds, cashier's check or money order(s).

3. As designated on the enclosed Notice of Substitute Trustee Sale, the Trustee, or the Substitute Trustee, will sell the real estate therein described to the highest bidder for cash.

4. All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by Texas law. You may obtain reinstatement figures by calling us at (800) 281-8219. Payment must be in certified funds, cashier's check or money order(s).

5. All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure that they may have.

**PLEASE BE ADVISED THAT WE ARE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Sincerely,

RECONTRUST COMPANY, N.A.

Enclosed: Notice of Substitute Trustee Sale

# Exhibit "A"