IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GREGORY G. JONES,<br>**PLAINTIFF**<br><br>**v.**<br><br>THE BANK OF NEW YORK, MELLON<br>fka THE BANK OF NEW YORK, AS<br>TRUSTEE FOR THE CERTIFICATE<br>HOLDERS CWALT, INC.<br>ALTERNATIVE LOAN TRUST 2007-<br>MORTGAGE PASS-THROUGH<br>CERTIFICATES, SERIES 2007-24,<br>**DEFENDANT** | § § § § § § § § § § § § | Civil Action No. 4:15-cv-00756 |

## FEDERAL RULE OF CIVIL PROCEDURE 26(F) JOINT REPORT

On September 3, 2015, Plaintiff Gregory G. Jones ("Jones") filed suit in the 153rd

Judicial District Court of Tarrant County, Texas, in a case styled *Gregory G. Jones v.*

*The Bank of New York, Mellon fka The Bank of New York, as Trustee for the Certificate*

*Holders CWALT, Inc., Alternative Loan Trust 2007-Mortgage Pass-Through Certificates,*

*Series 2007-24, Dearing Mortgage Services, Inc., ReconTrust Company, N.A.,* and

assigned Cause No. 153-280826-15 ("State Court Action"). Jones named The Bank of

New York Mellon, f/k/a The Bank of New York, as Trustee for the Certificate Holders

CWALT, Inc. Alternative Loan Trust 2007-Mortgage Pass-Through Certificates, Series

2007-24 ("BONY"); Dearing Mortgage Services Inc. ("Dearing"); and ReconTrust

Company, N.A. ("ReconTrust") as defendants in the State Court Action. On October 8,

2015, BONY filed its Notice of Removal, removing the State Court Action to this court.

*See* Docket No. 1. On November 2, 2015, Jones filed his First Amended Complaint in

which he dismissed his claims against Dearing and ReconTrust by amendment. *See* Docket No. 9.

Pursuant to the Court's Oder Requiring Scheduling Conference and Report for Contents of Scheduling Order, Jones and BONY (collectively the "parties") jointly file this report detailing the October 22, 2015 Fed. R. Civ. P. Rule 26(f) conference held between counsel for each party.   Attending for Jones, were Roger Yale and Brittany Weaver.  Attending for Defendants were as follows: Matthew Lindsey of Akerman LLP for BONY; Kathryn Davis of Winston and Strawn L.L.P. for ReconTrust; and Peter Idziak of Black, Mann & Graham, L.L.P. for Dearing.

1.    **A brief statement of the claims and defenses**;

Jones contends that he is the owner of the home located on 2105 Cheyenne Park Lane, Southlake, Texas, and has sought a suit to quiet title and a declaration that any attempt by BONY to foreclose is void pursuant to the Texas Civil Practice and Remedies Code § 16.035 et seq.

BONY contends Jones' suit to quiet title and prevent foreclosure of the property made the basis of his claims is barred by a settlement agreement executed by Jones in which he agreed, among other things, he would not file a lawsuit challenging, or do anything to prevent or delay, a foreclosure sale of the property.

2.    **A proposed time limit to file motions for leave to join other parties**;

The parties propose December 31, 2015, as the time limit to file motions for leave to join other parties, unless otherwise agreed by the parties.

3.    **A proposed time limit to amend the pleadings**;

The parties propose February 12, 2016 as the deadline for Jones to file a motion for leave to amend his pleadings and February 26, 2016 as the deadline for BONY to file a motion for leave to amend its pleadings.

4.   **Proposed time limits to file various types of motions, including dispositive motions;**

The parties propose April 15, 2016, as the time limit to file various types of motions, including dispositive motions.

5.   **A proposed time limit for initial designation of experts;**

The parties propose March 15, 2016, as the time limit to file initial designation of experts.

6.   **A proposed time limit for responsive designation of experts;**

The parties propose April 15, 2016, as the time limit for responsive designation of experts.

7.   **A proposed time limit for objections to experts (i.e., *Daubert* and similar motions);**

The parties propose objections to expert witnesses be made within six weeks of the expert designation to which a party objects.

8.   **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues;**

The parties propose all discovery be commenced in time to be completed by June 24, 2016.  The parties contend discovery will be needed as to matters relevant to all issues presented in this suit.  The parties do not believe discovery should be conducted in phases or limited to or focused upon particular issues.

**FEDERAL RULE OF CIVIL PROCEDURE 26(F) JOINT REPORT – PAGE 3**

9.   **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;**

The parties believe that there will be no discovery issues and therefore do not propose any additional limitations on discovery.

10.   **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;**

The parties propose any disclosure or discovery of ESI be produced in printed form. The parties are not aware of any disputes regarding disclosure of ESI.

11.   **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties propose that any privileged material should be handled via privilege log. The parties agree to assert any claims concerning privilege or work-product during the course of production.

12.   **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

The parties propose that the trial be set for August 15, 2016. No jury has been demanded. The parties estimate one (1) day is required for trial.

13.   **A proposed date for further settlement negotiations;**

The parties propose that further settlement negotiations take place on or before March 15, 2016.

14.   **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

**FEDERAL RULE OF CIVIL PROCEDURE 26(F) JOINT REPORT – PAGE 4**

There were no objections to the disclosures required by Rule 26(a)(1) asserted during the Scheduling Conference or other proposed modification to the time, form or requirement for disclosures under Rule 26(a).   Jones will make his disclosures under Rule 26(a)(1) not later than November 6, 2015.   BONY served its Rule 26(a)(1) disclosures to Jones on October 30, 2015.

15.   **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton (if all parties consent, please submit the attached consent form);**

The parties do not consent to trial before a U.S. Magistrate Judge.

16.   **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The parties are not considering mediation or arbitration to resolve this litigation.

17.   **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None at this time.

18.   **Whether a conference with the Court is desired; and**

The parties do not desire a conference with the Court.

19.   **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

None at this time.

Respectfully submitted,

YALE LAW
1417 E. McKinney Street, Suite 220
Denton Texas 76209
Tel. 940-891-4800
Fax. 940-891-1130

*/s/ Roger M. Yale*
Roger M. Yale: roger@yalelawgroup.com
Texas State Bar No. 00789959
Jane M. Gekhman: jane@yalelawgroup.com
Texas State Bar No. 24074265
J. Kevin Young: kevin@yalelawgroup.com
Texas State Bar No. 24084135
Brittany Weaver:brittany@yalelawgroup.com
Texas State Bar No. 24092577
Attorney for Gregory G. Jones

*/s/ Matthew W. Lindsey*
Matthew W. Lindsey: 24071893
matthew.lindsey@akerman.com
Michael J. McKleroy, Jr.: 24000095
michael.mckleroy@akerman.com
C. Charles Townsend: 24028053
charles.townsend@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 2550
Dallas, Texas 75201
Tel. (214) 720-4300
Fax (214) 981-9339
Attorneys for The Bank of New York Mellon
f/k/a The Bank of New York, As Trustee For
The Certificate Holders CWALT, Inc.
Alternative Loan Trust 2007-24 Mortgage
Pass-Through Certificates, Series 2007-24